UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JERRY J. MEEKS,

        Plaintiff,

        v.                             Case No. 20-C-1734

STEPHANIE WIJAS,
JAMIE L. FULLER, and
NURSE HANSEN,

        Defendants.

## SCREENING ORDER

Plaintiff Jerry Meeks, who is currently serving a state prison sentence and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Meeks' motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Meeks has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Meeks has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $14.87. Meeks' motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Meeks asserts that in 2019, while he was incarcerated at Oshkosh Correctional Institution, he began to experience severe leg pain from an old injury. On May 30, 2019, he submitted a health services request and was seen the next day by Defendant Nurse Stephanie Wijas. Meeks alleges that Wijas refused to prescribe him pain medication for his leg and instead placed him on the waiting list to see the doctor. Meeks states that his appointment was four months away.

On June 11, 2019, Meeks submitted another health services request about his leg pain and was seen the next day by Defendant Nurse Jamie Fuller. Meeks asserts that she too refused to prescribe pain medication and put him on the list to see the doctor. Meeks asserts that the appointment was scheduled for October.

On September 20, 2019, Meeks submitted yet another health services about his leg pain. He was seen the next day by Defendant Nurse Hansen, who, like the two nurses before her, allegedly refused to prescribe pain medication. Hansen told Meeks he was on the list to see the doctor in October. On October 2, 2019, Meeks submitted a health services request inquiring why his treatment was being delayed. Health services notified him that he was scheduled to see the doctor the following week. Meeks asserts that his appointment with the doctor was delayed two more times. Finally, on December 2, 2019, Meeks was examined by a doctor (who is not a defendant). He prescribed Meloxicam 7.5mg and Capsaicin 0.1%, which appears to have addressed Meeks' pain.

#### THE COURT'S ANALYSIS

To state a claim under the Eighth Amendment, a plaintiff must allege that prison officials intentionally disregarded a known, objectively serious medical condition that posed an excessive risk to the plaintiff's health. *Perez v. Fenoglio*, 792 F.3d 768, 777 (7th Cir. 2015) (citations omitted). "A delay in treatment may show deliberate indifference if it exacerbated [the plaintiff's] injury or unnecessarily prolonged his pain." *Id.* at 777–78. Meeks asserts an Eighth Amendment claim against three nurses based on his allegations that they refused to prescribe him pain medication and delayed scheduling him for an appointment with the doctor, which unnecessarily prolonged his pain.

Meeks explains that he had purchased over-the-counter pain medication at the canteen in an effort to address his leg pain, but it did not help. Dkt. No. at 3. In an effort to obtain more powerful medication, Meeks submitted three health services requests over the course of just under four months. Each time, he was seen by a nurse the day after he submitted his request. Meeks asserts that, despite telling Defendants he was in pain, none of them prescribed pain medication. However, nothing in Meeks' complaint suggests Defendants, all of whom were nurses, had the authority to prescribe pain medication. *See, e.g.*, *Holloway v. Delaware Cty. Sheriff*, 700 F.3d 1063, 1075 (7th Cir. 2012) (noting that the nurses did not have the authority to prescribe medication on their own). Defendants did not ignore Meeks' complaints; instead, they did all that was in their power to do—they put him on the list to see the doctor, the person authorized to prescribe pain medications. Defendants cannot have been deliberately indifferent for failing to exercise power they did not have.

Meeks asserts that Defendants also showed deliberate indifference when they did not immediately schedule him with the doctor but instead merely placed him on the waiting list.

4

Meeks' condition was not emergent—the recurring pain was from an old injury and was described by Meeks as a six out ten, so the Court cannot reasonably infer that Defendants' decision to place him on a waiting list rather than schedule an immediate appointment amounts to deliberate indifference. Meeks explains that the delay in scheduling him to see the doctor resulted in him suffering needlessly for months. Again, though, nothing in Meeks' complaint suggests that Defendants were responsible for the delay. Although Meeks alleges that Defendants placed him on the waiting list, he does not allege that Defendants were responsible for deciding how inmates on the list would be prioritized. Defendants merely knowing that the list was long and Meeks' wait might be lengthy is an insufficient basis for liability. *See Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009) (explaining that "there is no general duty of rescue" under §1983).

Although Meeks fails to state a claim against Defendants, the Court will allow Meeks to file an amended complaint if he would like to assert an Eighth Amendment claim against the person responsible for prioritizing inmates on the waiting the list and deciding that Meeks should wait nearly four months to see the doctor. The Court reminds Meeks that an amended complaint takes the place of the original complaint, so it must be complete in and of itself without reference to the original complaint. In other words, an amended complaint must contain all of the allegations against all of the people a plaintiff decides to sue. If Meeks decides to file an amended complaint and does not know the name of a person he wants to sue, he may use a John or Jane Doe placeholder. If Meeks files an amended complaint, the Court will screen the amended complaint under 28 U.S.C. §1915A.

**IT IS THEREFORE ORDERED** that Meeks' motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that, by **February 15, 2021**, Meeks may file an amended complaint. If Meeks fails to file an amended complaint by the deadline, the Court will dismiss this case based on the complaint's failure to state a claim and will assess Meeks a strike under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the agency having custody of Meeks shall collect from his institution trust account the $335.13 balance of the filing fee by collecting monthly payments from Meeks' prison trust account in an amount equal to 20% of the preceding month's income credited to Meeks' trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Meeks is transferred to another institution, the transferring institution shall forward a copy of this order along with Meeks' remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Meeks is confined.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Meeks is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

Enclosed is a blank amended complaint form and a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Meeks may find useful.

Dated at Green Bay, Wisconsin this 15th day of January, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge