UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JERRY J. MEEKS,

        Plaintiff,

  v.                              Case No. 20-C-1734

JANE DOE,

        Defendant.

## DECISION AND ORDER

Plaintiff Jerry J. Meeks is representing himself in this 42 U.S.C. §1983 action. On April 5, 2021, the Court screened the amended complaint and allowed Meeks to proceed on an Eighth Amendment claim based on allegations that his appointment with a doctor was delayed for seven months despite his persistent complaints of significant leg pain. Meeks did not know the name of the person responsible for the delay, so the Court named the institution's warden as a defendant for the limited purpose of helping Meeks identify the Doe. Dkt. No. 14 at 3.

On September 17, 2021, the warden filed an update regarding the identity of the Doe Defendant(s). Dkt. No. 28. The warden explains that, when an inmate has a medical concern, he submits a health services request to the health services unit. The requests are collected daily and triaged by nurses. Inmates with requests involving non-urgent symptoms are scheduled to see a nurse as soon as possible depending on availability. If an appointment with an advanced care provider is necessary, the nurse orders an appointment, and a medical program assistant associate schedules the appointment. According to the warden, schedulers do not have discretion when scheduling the appointment, they simply open the advance care provider's schedule and fill the

next available spot. The warden explains that, sometimes an advance care provider is unable to see every patient he or she is scheduled to see in a day, so, when that happens, the scheduler moves the appointment to the next available appointment in the advance care provider's schedule. After the appointment is rescheduled, the advance care provider reviews the appointment change and signs off on the change. *Id.* at ¶¶2-12.

Meeks' medical records reveal that Meeks was first scheduled to see Dr. Patrick Murphy on May 31, 2019. Dr. Murphy was notified that the reason for the visit was to address Meeks' chronic left leg pain, which Meeks suffered as a result of a gunshot wound. Dkt. No. 29-2 at 1. Dr. Murphy approved multiple appointment changes that delayed his examination of Meeks and the prescription of pain medication for many months. Meeks' records also reveal that Nurse Dawn Proehl triaged the health services requests that Meeks submitted between May 2019 and October 2019. It is unclear whether, in light of Meeks' persistent complaints of pain, Proehl conferred with Dr. Murphy regarding his decisions to repeatedly delay his examination of Meeks. *See Berry v. Peterman*, 604 F.3d 435, 443 (7th Cir. 2010) (explaining that a nurse's deference to a treating physician's orders "may not be blind or unthinking, particularly if it is apparent that the physician's orders will likely harm the patient").

When a plaintiff is proceeding *pro se* and the allegations in the complaint provide adequate notice of the alleged constitutional violation, the Court will often substitute the name of a defendant for a Doe placeholder. However, doing so here would not be appropriate. When Meeks filed his amended complaint, he did know the process for triaging health services requests and scheduling appointments, so his allegations regarding who was responsible for delaying his appointment do not match what actually occurred. In addition, the Court notes that Meeks' amended complaint

2

does not include a demand for the relief he seeks, which is required by Fed. R. Civ. P. 8(a)(3). *See* Dkt. No. 13.

Accordingly, the Court will require Meeks to file a second amended complaint naming as Defendants the individuals he asserts violated his constitutional rights. The second amended complaint must bear the docket number assigned to this case. It will replace the prior complaints and must be complete in itself without reference to the prior complaints. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If a second amended complaint is received, it will be screened pursuant to 28 U.S.C. §1915A. The Court will include a blank amended complaint form with this order. **Meeks must use the Court's form to prepare his second amended complaint**. *See* Civil L. R. 9(b).

**IT IS THEREFORE ORDERED** that on or before **October 25, 2021**, Meeks shall file a second amended complaint. If he fails to do so or fails to explain why he is unable to do so by the deadline, the Court may dismiss this action. The Clerk's Office is directed to mail Meeks a blank prisoner amended complaint form. Meeks must use this form.

**IT IS FURTHER ORDERED** that Warden Cheryl Eplett is **DISMISSED**. The Court thanks her and her counsel for assisting Meeks by providing him with relevant documents and an explanation of how to evaluate those documents.

Dated at Green Bay, Wisconsin this   22nd   day of September, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge