UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JERRY J. MEEKS,

                  Plaintiff,

v.                                                                             Case No. 20-C-1734

PATRICK MURPHY, et al.,

                  Defendants.

## DECISION AND ORDER

Plaintiff Jerry Meeks is representing himself in this 42 U.S.C. §1983 action. On February 10, 2022, the Court entered a scheduling order setting a discovery deadline of July 11, 2022, and a dispositive motion deadline of August 9, 2022. Just over a month later, on March 28, 2022, Meeks filed a motion for summary judgment. Dkt. No. 43. That same day he filed interrogatories addressed to Defendants. Dkt. No. 44. The Court will deny the summary judgment motion without prejudice.

Civil L. R. 56(b)(1) describes the briefing requirements for summary judgment motions. Along with each motion, the moving party must file a memorandum of law, a statement setting forth any material facts to which all parties have stipulated, a statement of proposed material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law, and any affidavits, declarations, and other materials referred to in Fed. R. Civ. P. 56(c). Civil L. R. 56(b)(9) warns that "Failure to comply with the requirements in this rule may result in sanctions up to and including the Court denying . . . the motion." Meeks'

motion fails to comply with the briefing requirements of Civil L. R. 56(b)(1), so the Court will deny his motion without prejudice.

Meeks' motion is also premature. Discovery just recently opened, so Defendants have not yet had a full opportunity to gather evidence to defend against Meeks' claims. In light of the interrogatories that Meeks filed, it appears that he too wishes to gather additional evidence.[1] Accordingly, Meeks may refile his motion, in compliance with Civil L. R. 56(b)(1), *after* discovery closes on July 11, 2022.

Finally, the Court reminds Meeks that he is not required to file a summary judgment motion. Because the plaintiff has the burden of proof at trial, it is generally the defendant who moves for summary judgment on the ground that the plaintiff lacks evidence to meet that burden. If Defendants file a summary judgment motion, the case will survive and proceed to trial if Meeks is able to demonstrate in his response materials that there is a dispute of material fact. Meeks has personal knowledge of the material facts of his case, so he should be able to identify which facts asserted by Defendants are in dispute and place them before the Court in the form of an unsworn declaration under penalty of perjury. *See* 28 U.S.C. §1746. If neither party files a summary judgment motion, the case will proceed to trial.

**IT IS THEREFORE ORDERED** that Meeks' motion for summary judgment (Dkt. No. 43) is **DENIED without prejudice**.

Dated at Green Bay, Wisconsin this 29th day of March, 2022.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge

---

[1] The Court previously notified Meeks that, pursuant to Fed. R. Civ. P. 5(d), discovery requests should <u>not</u> be filed with the Court but should be served on Defendants by mailing the discovery requests to Defendants' counsel. Dkt. No. 18. Defendants are not obligated to respond to discovery requests that are not properly served. Filing discovery requests with the Court does not constitute proper service.