UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JERRY J. MEEKS,

                          Plaintiff,

    v.                                                                   Case No. 20-C-1734

PATRICK MURPHY, MD and
DAWN PROEHL,

                          Defendants.

---

## DECISION AND ORDER

---

      Plaintiff Jerry Meeks, who is representing himself, is proceeding on Eighth Amendment claims against Defendants Dr. Patrick Murphy and Dawn Proehl based on allegations that they were deliberately indifferent to his severe leg pain. On September 9, 2022, Defendants filed a motion for summary judgment. Dkt. No. 53. In a notice and order, the court reminded Meeks that under Civil L. R. 56(b)(2) his response materials were due on October 11, 2022. Dkt. No. 58. The court warned Meeks that, if he failed to respond to the motion by the deadline, the court would accept all facts asserted by Defendants as undisputed, which would likely result in summary judgment being granted in Defendants' favor and the case being dismissed. Meeks' deadline to respond was more than two weeks ago, and he has not responded to Defendants' motion.

      The court has reviewed Defendants' motion, brief in support, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and concludes that they are entitled to summary judgment. *See* Fed. R. Civ. P. 56(e)(3). Based on the proposed findings of fact submitted by Defendants and deemed true as a result of Meeks' failure to respond, the court concludes that Proehl properly triaged Meeks' requests for medical attention and repeatedly referred him to medical professionals to attend to his

needs. Moreover, the undisputed evidence shows that Dr. Murphy was not responsible for rescheduling appointments and was unaware that Meeks' appointments had been rescheduled multiple times. Accordingly, no reasonable jury could conclude that Defendants were deliberately indifferent to Meeks' leg pain. Defendants are therefore entitled to judgment as a matter of law and their motion must be granted.

**IT IS THEREFORE ORDERED** that Defendants' motion for summary judgment (Dkt. No. 53) is **GRANTED** and this case is **DISMISSED**. The Clerk is directed to enter judgment accordingly.

Dated at Green Bay, Wisconsin this 26th day of October, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.